ORDER
 

 NOEL, United States Magistrate Judge.
 

 THIS MATTER came before the undersigned United States Magistrate Judge on February 13, 2003, for a hearing to determine the damages remaining in the case. The parties have consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Fed.R.CivJP. 73[# 8],
 

 I. BACKGROUND
 

 The Plaintiff is a non-profit guaranty agency that guaranteed a student loan issued to Jennifer Ryan. Under the Federal Family Educational Loan Program (FFELP), when a student defaults on their loan, the guarantee agency pays the outstanding loan balance to the private lender and the guarantee agency takes title to the loan. In May 2001, Ms. Ryan defaulted on her loan and Educational Credit Management Corporation (ECMC), paid the outstanding loan balance and took title to the loan. Regulations required ECMC to collect from Ms. Ryan the amount ECMC paid to the lender.
 
 See
 
 34 C.F.R. § 682.410(b). ECMC served Ms. Ryan with a Notice of Intent to Initiate Withholding Proceedings in November, 2001. In January, 2002, ECMC issued a withholding order to Ms. Ryan’s employer, the Defendant Cherish Products Inc. The president of Cherish Products, Inc. is Judith Cramer and Ms. Ryan’s mother.
 

 The parties agree that Cherish Products did not withhold Ms. Ryan’s wages as required by statute.
 
 See
 
 20 U.S.C. § 1095a. Ms. Cramer contends that she did not believe she needed to withhold Ms. Ryan’s wages because Ms. Ryan was consolidating her loan. In fact, Ms. Cramer states that she called the Department of Education to determine how to handle the garnishment order and someone at the department mistakenly told her not to garnish the wages because it would impede Ms. Ryan’s consolidation. Nonetheless, Ms. Ryan did not consolidate the loan at that time. Neither Ms. Ryan nor Ms. Cramer contacted ECMC about the withholding order, de
 
 *MCCXXVII
 
 spite the instructions in the letter and garnishment order that she should do so. ECMC issued a second withholding order on March 1, 2002, and again ECMC did not receive a response for Cherish Products. In April 2002, ECMC informed Cherish Products that they were preparing to commence litigation if Cherish Products did not comply with the withholding orders.
 

 On June 20, 2002, ECMC initiated this suit pursuant to 20 U.S.C. § 1095a. ECMC sought to compel Cherish Products to withhold Ms. Ryan’s income, and to recover the past-due amounts that Cherish Products did not withhold. However, in August 2002, Ms. Ryan finally did consolidate her loan with the Department of Education and the Department paid ECMC the amount due on Ms. Ryan’s defaulted loan. ECMC subsequently sought only damages for the amount that Cherish Products refused to withhold from Ms. Ryan’s wages and the attorneys’ fees that ECMC incurred in collecting on the defaulted loan.
 

 The Plaintiffs moved for Summary Judgment on January 17, 2003[# 15]. The undersigned granted that motion on February 14, 2003[#30], The Court determined that under the terms of 20 U.S.C. § 1095a, Cherish Products was obligated to withhold Ms. Ryan’s wages and it failed to do so. We also concluded that ECMC was entitled to attorneys’ fees and costs because they were obligated to sue cherish products to collect on the loan under 34 C.F.R. § 682.410(b)(6). Although the Court granted the Plaintiffs Motion, we reserved three issues to determine at another hearing: the amount of any damages; the amount of reasonable attorneys’ fees; and the amount of punitive damages, if any.
 

 In May 2003, the parties reached a settlement of the case and worked out a Stipulation of Dismissal Without Prejudice. By the terms of the Stipulation, Cherish Products agreed to pay ECMC $12,000 for the attorneys’ fees ECMC incurred in pursuing the action. The parties agreed that Cherish Products would pay the stipulation in three installments: $500 due on May 15, 2003; $5,000 due on August 15, 2003; and $6,500 due on December 15, 2003. The Stipulation further provided that any failure of Cherish Products to make a payment when due constituted a material breach of the parties’ agreement and caused all unpaid amounts to become immediately due and payable. If Cherish Products defaulted under the Stipulation, ECMC would give Cherish Products five days in which to cure the default. If Cherish Products failed to cure the default, the Court could re-open the matter upon the filing of an affidavit setting forth the amounts that remained to be paid under the parties’ agreement. Judge Rosen-baum adopted the Stipulation on May 9, 2003 in an Order Granting Joint Motion to Dismiss Without Prejudice [# 36]. If the case was re-opened because of Cherish Product’s default, the Court was to hold a trial or hearing to determine the amount of actual and punitive damages assessed against Cherish Products for its refusal to comply with the ECMC’s withholding order.
 

 On January 8, 2004 the undersigned received the Affidavit of Jason J. Stover, counsel for ECMC [# 39]. Mr. Stover stated that Cherish Products defaulted on the December 15, 2003 payment of $6,500 pursuant to the settlement agreed to by the parties. Cherish Products offered to work out another payment agreement, and ECMC offered to work out a solution. However, the parties could not reach another payment agreement. Based on Fed. R.Civ.P. 54(b) and Judge Rosenbaum’s May 9, 2003 Order, the Court reopened the case and entered judgment against
 
 *MCCXXVIII
 
 Cherish Products for $6,500, the amount set forth in the Affidavit as unpaid.
 

 The Court held a hearing on February 13, 2004, to determine the amount of actual and punitive damages to be assessed against Cherish Products for its refusal to comply with the garnishment order issued by the Plaintiff. At the hearing, ECMC represented that their fees and costs in the case totaled $17,193.73. Cherish Products paid $5,500 pursuant to the settlement and the Court ordered judgment in the amount of $6,500. Therefore the outstanding amount of fees and costs incurred by ECMC is $5,193.73. Judith Cramer, President of Cherish Products also testified at the hearing regarding the case and the current poor financial situation of Cherish Products.
 

 II. DISCUSSION
 

 The statute provides:
 

 the employer shall pay to the ... guaranty agency as directed in the withholding order issued in this action, and shall be liable for, and the ... guaranty agency ... may sue the employer ... to recover, any amount that such employer fails to withhold from wages due an employee following receipt of such employer of notice of the withholding order, plus attorneys’ fees, costs, and in the court’s discretion, punitive damages.
 

 20 U.S.C. § 1095a(a)(6). The employer is required by statute to garnish the employees wages. The only defense available is for the debtor to challenge the existence or the amount of the debt.
 
 See
 
 20 U.S.C. § 1095a(a)(5). Neither Ms. Ryan nor Ms. Cramer ever challenged the amount or the existence of the debt. There is no defense to Cherish Product’s liability in this case. Under the terms of the statute, ECMC is entitled to damages and reasonable attorneys’ fees in this case. Based on the evidence and the testimony at the hearing, we conclude that reasonable attorneys’ fee in this case is $15,000. While this case was essentially a collection action, ECMC’s attorneys’ fees escalated in part because Cherish Products continued to pursue litigation and oppose ECMC’s Motion for Summary Judgment, despite the fact that there is no defense in the statute. Cherish Products has already paid ECMC $5,500 and the Court has previously entered judgment in the amount of $6,500. Cherish Products shall pay to ECMC an additional $3,000 to cover the remaining amount of reasonable attorneys’ fees.
 

 20 U.S.C. § 1095a(a)(6) provides that punitive damages are also available in this type of suit, in the Court’s discretion. There are no cases involving punitive damages under the statute at issue. The Court will look to punitive damage analy-ses under other statutes for guidance. In determining the reasonableness of a punitive damage award, the court should look to the following factors: the degree of reprehensibility of the defendant’s conduct; the ratio or relationship between the actual harm inflicted on the plaintiff and the punitive damages award; and civil penalties authorized for comparable misconduct.
 
 See BMW of North America, Inc. v. Gore,
 
 517 U.S. 559, 572-74, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996)
 
 (cited in Ross v. Kansas City Power & Light Co.,
 
 293 F.3d 1041, (8th Cir.2002)).
 

 Although punitive damages are available under the statute at issue, based on the evidence presented at the hearing, this Court concludes that punitive damages should not be awarded in this case. The most pertinent factor in this case is the degree of reprehensibility of the defendant. Ms. Cramer and Cherish Products have not demonstrated the requisite reprehensibility or willfulness necessary for an award of punitive damages. Ms. Cramer, while mistaken, was under the belief that she should not comply with the withhold
 
 *MCCXXIX
 
 ing order because Ms. Ryan was consolidating her loan. While it may have been more prudent for Ms. Cramer to contact ECMC regarding the withholding order, her actions do not demonstrate the reprehensibility necessary for a punitive damage award.
 

 III. CONCLUSION
 

 Based upon all the files, records and proceedings herein, IT IS HEREBY ORDERED that:
 

 1. Reasonable attorneys’ fee in this case is $15,000; and
 

 2. Cherish Products is to pay ECMC $8,000, the amount remaining after the judgment and the previous settlement payments.
 

 LET JUDGMENT BE ENTERED ACCORDINGLY.