**EDUCATIONAL CREDIT
MANAGEMENT CORP.
Plaintiff**

v.

**CENTRAL EQUIPMENT COMPANY
Defendant**

**No. CIV.A.05–110–KSF.**

United States District Court,
E.D. Kentucky,
Lexington.

Feb. 3, 2006.

John Allan Combs, Frost Brown Todd LLC, Lexington, KY, for Plaintiff.

Central Equipment Company, Lexington, KY, Pro se.

Spencer D. Noe, Donald M. Wakefield, Bowles Rice Mcdavid Graff & Love, LLP, Lexington, KY, for Defendant.

## OPINION AND ORDER

FORESTER, Senior District Judge.

Currently before the Court is the plaintiff's motion for summary judgment. [DE # 17] Having been fully briefed, this motion is ripe for review.

## I. RELEVANT BACKGROUND

Educational Credit Management Corporation ("ECMC") filed a Complaint against Central Equipment Company ("Central") on March 28, 2005 and filed a subsequent Amended Complaint on April 19, 2005, for failure to comply with a Wage Withholding Order ("Withholding Order" or "Order") issued by ECMC against a Central employee, Anita L. Butler ("Butler" or "debtor"). Butler defaulted on a student loan owed to ECMC with an outstanding balance of $7,032.29, as of November 8, 2005.

On July 6, 2004, ECMC served Butler with thirty (30) days notice of intent to initiate withholding proceedings, pursuant to 20 U.S.C. § 1095a. Subsequently, the United States Department of Education held a hearing based on a request by Butler. Through this hearing, they determined that Butler's account was subject to collection through an administrative wage garnishment. In response, on November 18, 2004, ECMC issued a Withholding Order to Central, as the employer for Butler. This Order required Central to deduct and pay ECMC an amount not to exceed 10% of Butler's disposable pay for each pay period or the amount permitted by 15 U.S.C. § 1673.

Central has not remitted any of Butler's wages in accordance with the Order. Subsequently, Central contacted ECMC and stated that it would not "process the paperwork" for a wage garnishment without a court order. ECMC sent a second notice to Central requesting compliance with the Order, and the President of Central

Equipment stated in a telephone call to an ECMC collector that he did not intend to comply with the Order. On February 16, 2005 ECMC sent Central a demand letter further requesting compliance with the Order, but Central has failed to comply.

## II. PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

ECMC claims that it is entitled to summary judgment in this case because Central did not withhold any of Butler's wages pursuant to the Withholding Order properly prepared by ECMC, as it is required to do under 20 U.S.C. § 1095a.

### A. Standard

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *See Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In reviewing a motion for summary judgment, "this Court must determine whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Patton v. Bearden,* 8 F.3d 343, 346 (6th Cir.1993) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

Once the moving party shows that there is an absence of evidence to support the nonmoving party's case, the nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Companies, Inc.,* 8 F.3d 335, 340 (6th Cir.1993). Conclusory allegations are not enough to allow a nonmoving party to withstand a motion for summary judgment. *Id.* at 343. "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 252, 106 S.Ct. 2505. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id.* at 249–50, 106 S.Ct. 2505 (citations omitted).

### B. Parties' Positions

ECMC claims that pursuant to federal law, specifically the Higher Education Act of 1965 ("HEA") and the Federal Family Education Loan Program ("FFELP"), it is a guaranty agency and therefore permitted to issue Withholding Orders. Pursuant to 20 U.S.C. § 1095a, a guaranty agency may sue, in federal court, employers who do not deduct and pay over as directed in the withholding order, for any amount such employers fail to withhold from wages due an employee after notice. ECMC claims that it complied with all of the requirements of 20 U.S.C. § 1095a, because it gave Butler the required thirty-day notice of intent to initiate withholding proceedings. Furthermore, ECMC claims that its notice to Central contained all of the required information, yet Central failed to comply. Even after subsequent notices, Central refused to comply with the Withholding Order. In addition, ECMC claims that it is entitled to attorneys' fees and costs pursuant to 20 U.S.C. § 1095a(a)(6).

Central makes several arguments in opposition to ECMC's motion for summary

judgment. First, Central claims that ECMC has failed to include certain indispensable parties to the present action. Central argues that Butler and the Kentucky Higher Education Assistance Authority ("KHEAA") are indispensable parties and in their absence, full and proper relief may not be granted. Secondly, Central argues that ECMC was without lawful authority to issue the Withholding Order because it failed to comply with regulatory prerequisites. Pursuant to 34 C.F.R. § 682.410, Central argues that ECMC provided insufficient notice to Butler, and this failure to comply with the notice requirements made it unlawful for ECMC to issue the Withholding Order. Third, Central claims that ECMC failed to timely issue the purported Withholding Order. Again pursuant to 34 C.F.R. § 682.410, Central claims that the Withholding Order must have been issued within twenty (20) days after the time for the borrower to request a hearing had expired or within twenty (20) days after such a hearing, if the agency had decided to proceed with the garnishment. Finally, Central claims that ECMC's purported Withholding Order was without legal effect because it was unsigned. Central argues that pursuant to 31 C.F.R. § 285.11(g)(2), the Withholding Order must contain a signature or the image of a signature.

In its Reply, ECMC claims it properly issued the Withholding Order pursuant to its authority under 20 U.S.C. § 1095a. Furthermore, the Reply states that Central raised no valid issue of material fact, and argues that Central had no standing to raise defenses held by Butler. ECMC claims that neither Butler nor KHEAA is a necessary party to this action pursuant to 20 U.S.C. § 1095a. Additionally, ECMC argues that it complied with the procedural requirements of 34 C.F.R. § 682.410(b)(9). With regard to the timeliness of the Order, ECMC claims it timely issued the Withholding Order because it

was justified in sending the Order after the expiration of the twenty-day period. ECMC's justification comes from the attempts to resolve the dispute before issuance of the Order. After numerous phone calls between ECMC and Central and exhausting the efforts to resolve the dispute, ECMC promptly issued the Order. ECMC claims that the Withholding Order is legally binding because the administrative wage garnishment is controlled by 20 U.S.C. § 1095a and 34 C.F.R. § 682.410(b)(9), which do not require a withholding order to be signed. ECMC claims the Withholding Order in question does not fall within the scope of debts covered by 31 C.F.R. § 285.11, as Central claims, because the debt is owed to ECMC and not the United States. ECMC states that it is a non-profit Minnesota corporation and not an agency or instrumentality of the Federal Government.

Additionally, in its Reply, ECMC requests an oral argument pursuant to Local Rule 12.1(g) regarding this matter.

## III. ANALYSIS

The defendant raises four objections to the plaintiff's motion for summary judgment. Each objection will be addressed separately.

■ First, the defendant claims that the plaintiff failed to include indispensable parties. However, 20 U.S.C. § 1095a(a)(6) states that the guaranty agency may sue the employer where the employer refuses to garnish the wages of an employee. The statute mentions nothing about the debtor or anyone else being a party to the action. Furthermore, the issue in the present action relates to Central's failure to garnish the wages of Butler, therefore, Central is the only indispensable party.

■ Second, Central claims that ECMC did not comply with regulatory

prerequisites when it issued notice to Butler. Central however, lacks standing to argue that the notice to Butler was deficient. An employer is required by statute to garnish an employee's wages, and the only defense available is for the debtor to challenge the existence or the amount of debt. *Educational Credit Management v. Cherish Products, Inc.,* 312 F.Supp.2d 1183, 1186 (D.Minn.2004). Therefore, an employer lacks standing to raise arguments on an employee's behalf as a defense to an action against the employer.

■ Third, Central claims that ECMC failed to timely issue the Withholding Order because it was not issued within twenty (20) days after the hearing requested by the debtor. The Withholding Order in question was actually issued forty-two (42) days after the garnishment decision was handed down. However, 34 C.F.R. § 682.410(b)(9)(i)(H) states, "[u]nless the guaranty agency receives information that the agency believes justifies a delay or cancellation of the withholding order, it shall send a withholding order to the employer within 20 days after ... a final decision is made by the agency to proceed with garnishment." Therefore, since the parties were in communication during this time in an effort to resolve the dispute before the issuance of a Withholding Order, the eventual issuance was timely. The discretion granted by the statute rests with the guaranty agency. *See,* 34 C.F.R. § 682.410(b)(9)(i)(H).

■ Finally, Central claims the Withholding Order is without legal effect because it was unsigned. Central argues that 31 C.F.R. § 285.11(g)(2) requires a signature or image of a signature on a Withholding Order. However, the debt that is the center of this action does not fall within the scope of debts covered by 31 C.F.R. § 285.11, because the debt is not owed to the United States, but rather to ECMC. ECMC is a non-profit Minnesota corporation and not an agency of the Federal Government, therefore 31 C.F.R. § 285.11 does not apply. ECMC satisfied all of the requirements contained in 20 U.S.C. § 1095a and 34 C.F.R. § 682.410, and therefore, the Withholding Order is valid.

The objections of the defendant are not well taken, and for that reason summary judgment will be granted in favor of the plaintiff. The plaintiff requested an oral argument pursuant to Local Rule 12.1(g), this request will be denied.

## IV. CONCLUSION

Therefore, the Court being otherwise fully and sufficiently advised, HEREBY ORDERS, that the plaintiff's motion for summary judgment [DE # 17] is GRANTED, the request for an oral argument is denied; and judgment will be entered contemporaneously herewith.

### *JUDGMENT*

In accordance with the opinion and order entered contemporaneously with this judgment, the Court HEREBY ORDERS AND ADJUDGES that:

(1) the plaintiff's motion for summary judgment [DE # 17] is **GRANTED**;

(2) the request for an oral argument is DENIED;

(3) the pretrial conference set for February 26, 2006 in this matter is set aside;

(4) the jury trial set for March 7, 2006 in this matter is set aside;

(5) this judgment is final and appealable and no just cause for delay exists; and

(6) this matter is stricken from the active docket.